VICTOR WARD, Esq. State Bar No. 214246
THE LAW OFFICE OF VICTOR WARD
P. O. Box 906
Belmont, CA 94002
Phone (650) 520-0022; Fax (650) 610-0378

Attorney for Plaintiffs
Americans with Disabilities Advocates,
RICHARD WHITEHURST and GEORGE S. LOUIE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICANS WITH DISABILITIES ADVOCATES, a Nevada Nonprofit Corporation, RICHARD WHITEHURST and GEORGE S. LOUIE<br><br>Plaintiffs,<br><br>vs.<br><br>ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA AND DAVID & SUSAN AUSBERRY<br><br>Defendants. | Case No.:<br><br>**CIVIL RIGHTS**<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. CIVIL CODE §3345;CAL. HEALTH & SAFETY CODE §§19955, ET SEQ.; CAL. ; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES FOR PERSONAL INJURY**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs complain of Defendants herein and allege that:

AMERICANS WITH DISABILITIES ADVOCATES is a Nevada Nonprofit Corporation organized with the principal purpose of helping to eliminate discrimination against individuals with disabilities by ensuring public facilities are in compliance with laws intended to provide

COMPLAINT                                    -1-

access to housing, public buildings, transportation, goods, and services and to make sure that people with disabilities are treated with dignity.

In addition, AMERICANS WITH DISABILITIES ADVOCATES ensures that disabled persons are offered the same opportunities extended to people without disabilities and helps to educate persons with disabilities about the laws related to them.

Members of AMERICANS WITH DISABILITIES ADVOCATES are primarily individuals with disabilities and persons related to individuals with disabilities. Membership includes residents throughout the United States.

Because of their disabilities, certain accommodations are necessary to allow AMERICANS WITH DISABILITIES ADVOCATES members access to public buildings, transportation, goods, and services.

AMERICANS WITH DISABILITIES ADVOCATES is committed to serving the needs of all disabled people and fully supports the Americans With Disabilities Act of 1990, California Disabled Persons Act, and Unruh Civil Rights Act.

AMERICANS WITH DISABILITIES ADVOCATES believes the goals and objectives of these laws will enhance the quality of our society, that the American economy will be made stronger by businesses that reach out to include all segments of the population, and that these laws ultimately help to invigorate the economy by bringing more individuals with disabilities into the consumer mainstream. It is also AMERICANS WITH DISABILITIES ADVOCATES' belief that meaningful efforts to do so will offer many citizens more opportunities to participate fully in the economic and social mainstream. There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities (42 U.S.C. section 12101 et seq), (hereafter "ADA")." In fact, the ADA states its first goal as being "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." See 42 U.S.C. section 12101 (b) (1) (1999). The ADA creates the possibility that successful Plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. The benefits of each change clearly rebound not only to

Plaintiffs themselves, but also to similarly situated disabled persons, and the entire society. Plaintiffs or Plaintiffs' classes who bring suit pursuant to the ADA do so in the role of "private attorneys general" who seek to vindicate a "policy of the highest priority." See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 418, 98 S.Ct. 694, 698 (discussing ADA plaintiffs as private attorneys general).

ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA AND DAVID & SUSAN AUSBERRY provide inadequate access to people with disabilities, including, inter alia: there is no accessible route into the business due to steps (no handicapped accessible signage), a violation of ADAAG section 4.1.2(1). There are two -- approximately 6-inch -- step leading into the facility. See Exhibit A, showing no accessible route into the business due to steps. Because of these barriers, entering this facility was impossible for persons with mobility disabilities, such as the Plaintiffs.

## JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq. Plaintiffs' cause of action arose in this district. ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA AND DAVID & SUSAN AUSBERRY are residents of SAN FRANCISCO, California.

Under the doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiffs' claims arising under California State law.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the District in which this complaint is filed, which is the judicial district in which the claims have arisen. ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA is a California corporation and/or business.

//

//

//

COMPLAINT                                -3-

## PARTIES

4. Plaintiff GEORGE S. LOUIE is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq, California Civil Code sections 54 et seq, and California Health and Safety Code sections 19955, et seq. Plaintiff GEORGE LOUIE is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. LOUIE is a diabetic whose physical conditions required the amputation of his right leg in 1996. Although he sometimes can walk with the aid of a prosthesis, at other times difficulties with sores on the stump of his amputated leg make use of the prosthesis difficult or impossible and require that he use a wheelchair in order to travel about in public. Plaintiff RICHARD WHITEHURST is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 United States Code section 12101, et seq, California Civil Code sections 54 et seq, and California Health and Safety Code sections 19955, et seq. Plaintiff is a physically disabled or "physically handicapped" person who often requires use of a wheelchair to travel about in public places. Mr. WHITEHURST, who has degenerative gout, has physical conditions that require the use of a wheelchair. Although he sometimes walks, at other times difficulties with sores in his limbs make it difficult or impossible to walk and require that he use a wheelchair in order to travel about in public.

5. Defendants ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA AND DAVID & SUSAN AUSBERRY, are located in SAN FRANCISCO, CA. ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA is a for-profit business. DAVID & SUSAN AUSBERRY own the property known as ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA.

6. Plaintiffs are informed and believe, and therefore allege, that ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA was newly built and/or underwent substantial remodeling, repairs or alterations after 1971.

//

//

COMPLAINT -4-

7. Defendants have known that ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA violated disability access requirements and standards, but have refused to rectify the violations.

**FACTUAL ALLEGATIONS**

8. GEORGE S. LOUIE is the Executive Director of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who uses a wheelchair for mobility. RICHARD WHITEHURST is a Member of the AMERICANS WITH DISABILITIES ADVOCATES and is a physically disabled person who often uses a wheelchair for mobility.

9. Within the last year before the filing of this complaint, Plaintiffs RICHARD WHITEHURST and GEORGE S. LOUIE attempted to visit ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA.

10. Plaintiffs will visit this facility on a regular basis when it comes into compliance with state and federal law.

11. Defendants own, operate and/or maintain a public accommodation as ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA located in the City of SAN FRANCISCO, COUNTY OF SAN FRANCISCO, and State of California. This case arises out of Defendants failure to provide the minimum legally required access to its public accommodations for persons with disabilities.

12. ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA has the following violation:

    a. There is no accessible route into the business due to stepa (no handicapped accessible signage), a violation of ADAAG section 4.1.2(1). There are two -- approximately 6-inch -- steps leading into the facility.

13. The inaccessibility of ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA to persons with disabilities is illegal, degrading, and humiliating.

//

//

//

COMPLAINT -5-

14. Defendants failed to make ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA accessible to persons with disabilities. Corrections to ACUPUNCTURE & HERBAL MEDICINE, SANDY M. ESPINOZA were readily achievable, required by law and would have greatly assisted persons with disabilities at little expense to Defendants.

15. Because of these barriers, entering this facility was impossible for persons with mobility disabilities, such as the Plaintiff.

16. California's Unruh Civil Rights Act, Civil Code Section 52(a) reads as follows: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." Amended January 1, 2002.

17. The Attorney General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practices of a company. Defendants may have had hundreds or thousands of transactions that violated the Americans with Disabilities Act of 1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional one thousand dollars damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4,000.00. See California's' Unruh Civil Rights Act section 52(a), Amended January 1, 2002.

18. The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally Realty</u>, 216 F.3rd 827 (June 20, 2000) held that a consumer was entitled to an award of statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual damages..

//
//

COMPLAINT -6-

## FIRST CLAIM

### Violation of the Americans With Disabilities Act

19. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-18, inclusive.

20. Defendants' acts and omissions alleged herein are in violations of the ADA, 42 U.S.C. section 12101, et seq, and the regulations promulgated thereunder, 28 Code of Federal Regulations Part 36.

21. ACUPUNCTURE & HERBAL MEDICINE, SANDY M ESPINOZA (hereafter "SUBJECT FACILITY") is a public accommodation covered by Title III of the ADA.

22. Defendants have failed to remove barriers preventing access of SUBJECT FACILITY to persons with disabilities when removal of such barriers was readily achievable.

23. Defendants have failed to provide necessary auxiliary aids and services at SUBJECT FACILITY where provision of such auxiliary aids and services does not pose an undue burden.

24. Defendants have failed to modify policies and procedures at SUBJECT FACILITY to ensure equal access for persons with disabilities.

25. Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently, Plaintiffs are entitled to injunctive relief pursuant to 42 U.S.C. section 12188. Plaintiffs are also entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

### Violation of California Civil Code section 54, et seq

26. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-25, inclusive.

27. The SUBJECT FACILITY constitutes a public accommodation within the meaning of California Civil Code sections 54.1 and 54.3.

28. Defendants have violated Plaintiffs' rights by denying them full and equal access to and use and enjoyment of SUBJECT FACILITY and in doing so, Defendants have acted willfully and maliciously.

29. Defendants' actions constitute a violation of Plaintiffs' rights under California Civil Code section 54, et seq. Therefore, Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled to damages under California Civil Code section 52(a).

30. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CLAIM

### Violation of California Civil Code sections 51, 52(a) et seq

31. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-30 inclusive.

32. The conduct of Defendants is in violation of California Civil Code section 51, et seq (the Unruh Civil Rights Act) in that patrons of the SUBJECT FACILITY who have physical disabilities have either not been provided services and facilities that are provided to other persons or have been provided services and facilities that are not equal to, and are inferior to, the services provided to persons who do not have disabilities.

33. Defendants have committed additional violations of the Unruh Civil Rights Act, in that the conduct alleged herein constitutes a violation of various provisions of the ADA, 42 U.S.C. section 12101, et seq.

34. The conduct of the Defendants was and is in violation of the Unruh Civil Rights Act, California Civil Code section 51, et seq, and therefore Plaintiffs are entitled to injunctive relief remedying the violations. Plaintiffs are also entitled under California Civil Code section 52 to damages.

//

35. Plaintiffs are also entitled to reasonable attorneys fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## FOURTH CLAIM

### Violation of California Health & Safety Code section 19955, et seq

36. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-35, inclusive.

37. The SUBJECT FACILITY is a public accommodation within the meaning of California Health and Safety Code section 19955 and Defendants have constructed and/or altered the SUBJECT FACILITY within the meaning of California Health and Safety Code section 19959. The actions of Defendants constitute a denial of access to and use of the SUBJECT FACILITY by persons with physical disabilities.

38. Defendants failure to fulfill its duty to provide access has caused Plaintiffs to suffer injury.

39. As a result of Defendants violation of Health and Safety Code section 19955, et seq, described herein, Plaintiffs are entitled to injunctive relief pursuant to Health and Safety Code section 19953.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

### Negligence

40. Plaintiffs incorporate by reference herein the allegations in paragraphs 1-39, inclusive.

41. Defendants had and continue to have a duty to exercise ordinary care.

42. Defendants failed, and continue to fail, to exercise ordinary care.

43. As an actual and proximate result of Defendants failure to exercise ordinary care, Plaintiffs suffered damages in an amount to be determined by proof.

44. At all times relevant hereto, there was in effect the Americans With Disabilities Act, California Civil Code section 51, et seq, California Civil Code section 54, et seq, and California Health and Safety Code section 19955, et seq, all of which have required that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

45. Defendants actions and omissions alleged herein are in violation of statutory requirements including, but not limited to, the Americans With Disabilities Act, California Health and Safety Code section 51, et seq, and public policy, which statues are designed to protect persons with disabilities from the type of harm inflicted on Plaintiffs.

46. Defendants conduct thus constitutes negligence and negligence per se.

WHEREFORE, Plaintiffs request relief as set forth below.

## SIXTH CLAIM

### Declaratory Relief

47. Plaintiffs incorporated by reference herein the allegations in paragraph 1-46, inclusive.

48. Plaintiffs contend, and are informed and believe that Defendants deny that the SUBJECT FACILITY fails to comply with applicable laws prohibiting discrimination against persons with disabilities and are in violation of statues including, but not limited to, California Civil Code section 54, et seq, California Civil Code section 51, et seq, the ADA, and California Health and Safety Code section 19955, et seq.

49. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

//
//
//
//

COMPLAINT        -10-

## SEVENTH CLAIM

**Violation of California Civil Code section 3345, Unfair or Deceptive Practices Against Senior Citizens or Disabled Persons, Treble Damages**

50. Plaintiffs incorporate by reference paragraphs 1-49 above.

51. This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons as those terms are defined in subdivisions (f) and (g) of California Civil Code section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

52. Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose of effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

53. The defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. An order and judgment enjoining Defendants from violating the ADA, 42 United States Code section 12101, et seq, California Civil Code section 51, et seq, California Health and Safety Code section 19955, et seq;

2. A declaration that the SUBJECT FACILITY is designed and operated in a manner which discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by law;

3. Damages in an amount to be determined by proof;

4. Treble damages pursuant to California Civil Code sections 52(a) and 54.3 and California Code of Civil Procedure section 1021.5;

5. Treble damages pursuant to California Civil Code section 3345;

6. Pre-judgement interest pursuant to California Civil Code section 3291;

7. All damages as afforded by California Civil Code section 54.3 for which the Defendants have denied to Plaintiffs equal access for the disabled;

8. Plaintiffs' reasonable attorney's fees and costs;

9. Such other and further relief as the Court deems just and proper.

DATED: July 31, 2003

VICTOR WARD, Esq.
Attorney for Plaintiffs
Americans With Disabilities Advocates, RICHARD WHITEHURST and GEORGE S. LOUIE

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a jury for all claims for which a jury is permitted.

Dated: July 31, 2003

VICTOR WARD, Esq.
Attorney for Plaintiffs
Americans With Disabilities Advocates, RICHARD WHITEHURST and GEORGE S. LOUIE

COMPLAINT                                                        -12-